UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

    v.

KEVIN J. AMELL,

          Defendant.

1:17-cv-10707-RWZ

**FINAL JUDGMENT AS TO DEFENDANT KEVIN J. AMELL**

The Securities and Exchange Commission having filed a Complaint and Defendant Kevin J. Amell ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (2) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. §§ 80a-17(a)(1), (2)], by being an affiliated person or promoter of or principal underwriter for a registered investment company ("RIC") (other than a company of the character described in 15 U.S.C. §§ 80a-12(d)(3)(A) and (B)), or an affiliated person of such a person, promoter, or principal underwriter, acting as principal, and:

(a)  knowingly selling any security or other property to such RIC or to any company controlled by such RIC, unless such sale involves solely (A) securities of which the buyer is the issuer, (B) securities of which the seller is the issuer and which are part of a general offering to the holders of a class of its securities, or (C) securities deposited with the trustee of a unit investment trust or periodic payment plan by the depositor thereof; or

(b) knowingly purchasing from such RIC, or from any company controlled by such RIC, any security or other property (except securities of which the seller is the issuer).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(j) of the Investment Company Act [15 U.S.C. § 80a-17(j)] and Rule 17j-1 thereunder [17 C.F.R. § 270.17j-1] by being an affiliated person of or principal underwriter for a RIC, or an affiliated person of an investment adviser of or principal underwriter for a RIC, in connection with the purchase or sale, directly or indirectly, of Securities Held or to be Acquired by the RIC, as that term is defined in Rule 17j-1(a)(10) under the Investment Company Act [17 C.F.R. § 270.17j-1(a)(10)] and:

(a) employing any device, scheme, or artifice to defraud the RIC;

(b) making any untrue statement of a material fact to the RIC or omitting to state a material fact necessary in order to make the statements made to the RIC, in light of the circumstances under which they are made, not misleading;

(c) engaging in any act, practice or course of business that operates or would operate as a fraud or deceit on the RIC; or

(d)     engaging in any manipulative practice with respect to the RIC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement in the amount of $1,954,457 representing profits gained as a result of the conduct alleged in the Complaint. Defendant's monetary obligations under this Final Judgment will be deemed satisfied, dollar-for-dollar, by the order of forfeiture in the amount of $1,954,457 that was entered as part of the judgment in <u>United States v. Kevin Amell</u>, Crim. No. 1:17-cr-10101-IT (D. Mass.).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE